MEMORANDUM **
Martin Rolando Puebla-Leon appeals from the 78-month sentence imposed following his guilty-plea conviction for offenses related to a conspiracy to import, possess, and distribute cocaine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Puebla-Leon contends that the district court erred in denying him a role adjustment under U.S.S.G. § 3B1.2(b), by failing to distinguish between minimal and minor roles, and failing to evaluate his role relative to all participants in the criminal scheme. This contention is- belied by the record and the district court did not err. See United States v. Murillo, 255 F.3d 1169, 1179 (9th Cir.2001); United States v. Sanchez, 908 F.2d 1443, 1449-50 (9th Cir.1990).
Puebla-Leon also contends that the district court erred by failing to sua sponte *678 hold an evidentiary hearing regarding the government’s reasons for not moving for a downward departure under U.S.S.G. § 5K1.1. This contention lacks merit. See Wade v. United States, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992); see also United States v. Berry, 258 F.3d 971, 976 (9th Cir.2001).
Finally, Puebla-Leon contends that the district court failed to consider the 18 U.S.C. § 3553(a) factors, adequately explain his sentence, or respond to his non-frivolous arguments, and that his sentence is substantively unreasonable. The district court did not procedurally err and Puebla-Leon’s sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-601, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 990-93 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.